**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT J. HARRISON, : | |
|    Plaintiff. : | |
| : | CIVIL ACTION |
|        v. : | |
| : | NO. 07-4174 |
| SOUTHEASTERN PENNSYLVANIA : | |
| TRANSPORTATION AUTHORITY, et al., : | |
|    Defendants. : | |

**EXPLANATION AND ORDER**

December _1, 2008                                                                                         Anita B. Brody, J.

**I. INTRODUCTION**

This case arises from a trip-and-fall accident in Ridley Park, Pennsylvania.  Based on recent discovery, Plaintiff Robert J. Harrison ("Harrison") filed a Motion for Leave to File an Amended Complaint and/or Motion to Remand (Doc. #20).  For the reasons stated below, I will deny this motion.

**II. BACKGROUND**

On January 6, 2007, at about 8:45 PM, Harrison was walking on the sidewalk at the 300 block of Chester Pike in Ridley Park, Pennsylvania.  As he went under an overpass for the R2 train near the Crum Lynne station, he tripped and fell onto the ground.  Harrison maintains that "the cracked, broken-up and severely deteriorated condition of the sidewalk surface" caused him to fall.  (Compl. ¶ 4.)  He suffered various injuries from the accident.

On July 2, 2007, Harrison brought an action for negligence against Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA") in the Court of Common Pleas of Philadelphia County.  On August 29, 2007, SEPTA filed a third-party complaint joining the Borough of Ridley Park ("Ridley Park") and the National Railroad Passenger Corporation ("Amtrak") as additional defendants.[1]  With the consent of SEPTA and Ridley Park, Amtrak removed this action to federal court on October 3, 2007 (Doc. #1).[2]  On September 22, 2008, this case was reassigned to me from the Hon. Gene E.K. Pratter (Doc. #30).

During the course of discovery, SEPTA and Ridley Park produced property maps and survey plans indicating that Amtrak owned the stretch of sidewalk where Harrison fell.  On

---

[1] Amtrak's joinder provides the basis for subject matter jurisdiction.  This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In Union Pac. R.R. Co. v. Myers, 115 U.S. 1 (1885), the Supreme Court held that any suit involving a federally chartered railroad raises a federal question under § 1331.  Id. at 11.  Congress limited that holding's reach by passing 28 U.S.C. § 1349, Am. Nat'l Red Cross v. S.G., 505 U.S. 247, 251 (1992), which provides: "The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock," 28 U.S.C. § 1349.  Amtrak was created by act of Congress, and the United States government owns more than 50 percent of Amtrak's stock.  Pa. Fed'n of Bhd. of Maint. of Way Employees v. Nat'l R.R. Passenger Corp., 989 F.2d 112, 113 n.2 (3d Cir. 1993).  Thus, this Court has subject matter jurisdiction here pursuant to 28 U.S.C. §§ 1331 and 1349.

[2] Removal may have been improper here because 28 U.S.C. § 1441 does not authorize removal by third-party defendants.  Thomas v. Shelton, 740 F.2d 478, 488 (7th Cir. 1984) (Posner, J.) ("[S]ection 1441(c) does not authorize removal by third-party defendants in general or by the United States in particular.").  Admittedly, the Third Circuit has not decided this question of law.  Roxbury Condo. Ass'n, Inc. v. Anthony S. Cupo Agency, 316 F.d 224, 228 (3d Cir. 2003) ("The Third Circuit has not yet decided … whether a third-party defendant may properly remove under § 1441(c)."); but cf. Cook v. Wikler, 320 F.3d 431 (3d Cir. 2003) (holding that a court of appeals lacks jurisdiction to review a district court's timely order remanding a case for improper third-party removal).  Regardless, this Court does not have authority to remand the case based on that error because 30 days have passed since Amtrak filed its notice of removal.  Korea Exchange Bank v. Trackwise Sales, 66 F.3d 46, 51 (3d Cir. 1995) (holding that 28 U.S.C. § 1447(c) bars a district court from remanding a case for any nonjurisdictional defect in removal once 30 days have passed since the notice of removal was filed).

May 6, 2008, counsel for Amtrak produced Commonwealth of PA Form 989 for Chester Pike, dated August 3, 1934.  Because this document purports to create a 64-feet-wide right of way for Chester Pike, Amtrak maintains that the Commonwealth of Pennsylvania Department of Transportation ("PennDOT") was responsible for the stretch of sidewalk where Harrison fell.  On June 3, 2007, counsel for Amtrak produced a survey plan to support this contention.  On June 6, 2007, Harrison filed the instant motion to amend his Complaint to join PennDOT.

### III. DISCUSSION

In the instant motion, Harrison requests leave to amend his Complaint to name PennDOT as an additional defendant.  He also requests, in the alternative, that I remand this case to the Court of Common Pleas of Philadelphia County.

### A.  Motion for Leave to Amend

After a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Pro. 15(a).  "The court should freely give leave when justice so requires." Id.  "In the absence of substantial or undue prejudice to the nonmoving party," denial of leave to amend "'must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment.'" USX Corp v. Barnhart, 395 F.3d 161, 166 (3d Cir. 2004) (quoting Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993)).  "Amendment of the complaint is futile if … the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).  "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is

within the discretion of the trial court." Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. IX.  Thus, a citizen may not sue his own State in federal court unless Congress has abrogated or the State has waived its sovereign immunity. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-99 (1984).  "The eleventh amendment's bar extends to suits against departments or agencies of the state having no existence apart from the state." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981).

PennDOT enjoys Eleventh Amendment protection as a department of the Commonwealth of Pennsylvania.  Congress has not abrogated PennDOT's sovereign immunity for Harrison's negligence claim and Pennsylvania has not generally waived its immunity.  See 42 Pa. Cons. Stat. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States").  For these reasons, the Eleventh Amendment bars Harrison from suing PennDOT in federal court.  Thus, amending the Complaint to join PennDOT would be futile.  Therefore, I will deny Harrison's motion for leave to amend his Complaint.

**B.  Motion for Remand**

28 U.S.C. § 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  Harrison's argument for a remand does not

mention subject matter jurisdiction but instead emphasizes the unfairness of enabling Amtrak and PennDOT to escape liability by blaming each other in separate tribunals.[3]  Amtrak filed its notice of removal on October 3, 2007, and Harrison filed the instant motion well over 30 days later on June 6, 2008.  Therefore, I will deny Harrison's motion to remand this case.

---

[3] Notably, joining PennDOT as an additional defendant would not destroy subject matter jurisdiction.  See Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381 (1998) (holding that the presence of an Eleventh-Amendment-barred claim in an otherwise removable case does not destroy subject matter jurisdiction).

## **ORDER**

**AND NOW**, this \_\_\_\_ day of December, 2008, it is **ORDERED** that Plaintiff Robert J. Harrison's Motion for Leave to File an Amended Complaint and/or Motion to Remand (Doc. #20) is **DENIED**.

s/Anita B. Brody

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:          Copies **MAILED** on _____ to: